1   DAVID N. BARRY, ESQ. (SBN 219230)
    THE BARRY LAW FIRM
2   11845 W. Olympic Blvd., Suite 1270
    Los Angeles, CA 90064
3   Telephone: 310.684.5859
    Facsimile: 310.862.4539
4
5   Attorney for Plaintiff, MICHAEL DEROSA
6
7
8                 UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA- WESTERN
10

| | |
|---|---|
| 11  MICHAEL DEROSA, an individual,<br><br>12<br><br>13                        Plaintiff,<br><br>14        v.<br><br>15<br><br>16  THOR INDUSTRIES, INC., A Delaware<br><br>17  Corporation; and DOES 1 through 20,<br><br>18  inclusive,<br><br>19                        Defendants.<br><br>20<br><br>21<br><br>22<br><br>23<br><br>24 | Case No.: 2:20-cv-04895-SVW-PLAx<br><br>(Removed from Superior Court of California, County of Los Angeles, Case No. 20STCV15299)<br><br>**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT; DECLARATION OF DAVID N. BARRY; EXHIBITS**<br><br>**Date:        August 17, 2020**<br>**Time:        1:30 p.m.**<br>**Dept.:        10A**<br><br>**Action Filed: December 27, 2019**<br>**Trial Date: None**<br><br>*Assigned to the Hon. Stephen V. Wilson* |

25        Plaintiff Michael Derosa submits his Opposition to Defendant Thor Motor
26   Coach, Inc.'s Motion to Transfer Venue to Indiana Federal Court.
27   / / /
28   / / /

# TABLE OF CONTENTS

I.   INTRODUCTION ..............................................................................1

II.  THOR HAS FAILED TO SHOW THAT THE FORUM SELECTION
     CLAUSE IT IS SEEKING TO ENFORCE WAS IN FACT PART OF
     THE WARRANTY MATERIALS PROVIDED TO PLAINTIFF ..................2

III. THOR'S FORUM SELECTION CLAUSE IS NOT ENFORCEABLE
     AS A MATTER OF LAW ..................................................................5

     A.  *Thor's Forum Selection Clause Violates California Public Policy
         Because It Contains a Pre-Suit Jury Trial Waiver and California
         Has a Compelling Interest that Matters Involving Consumer
         Claims Be Litigated in California.* ..............................................5

     B.  *Thor's Suggested "Stipulation" to Preserve Plaintiff's Jury Trial
         Rights and Apply the Song-Beverly Act Is a Ruse Intended to
         Circumvent the Illegality of the Forum Selection Clause and the
         California Supreme Court's Consideration of the Issue.* ...........9

     C.  *Without a Valid Forum Selection Clause, Thor's Motion Is Nothing
         More Than a Generic Motion to Change Venue That Fails to
         Establish the High Burdens of Witness Convenience or Meeting the
         Ends of Justice Under 28 U.S.C. 1404(a).* ................................10

IV.  CONCLUSION ..............................................................................14

i

# TABLE OF AUTHORITIES

## Cases

*Am. Online, Inc. v. Superior Court* (2001) 90 Cal. App. 4th 1, 12 ...............................7

*Burford v. Sun Oil Co.* (1943) 319 U.S. 315 .................................................10

*Commodity Futures Trading Comm. v. Savage* (9th Cir. 1979) 611 F.2d 270...........................................................................................11

*Decker Coal Co. v. Commonwealth Edison Co.* (9th  Cir. 1986) 805 F.2d 834, 843 ...............................................................................11

*Grafton Partners v. Superior Court* (2005) 36 Cal. 4th 944....................................2, 6

*Handoush v. Lease Fin. Group, LLC*, No. A150863, 2019 WL 5615674 (Cal. Ct. App. Oct. 31, 2019- slip opinion), *review granted*, February 20, 2020.........................................................................2, 6, 8

*Hernandez v. Burger* (1980) 102 Cal. App.3d 795, 802 ...........................................13

*In re County of Orange* (9th Cir. 2015) 784, F.3d 520 ...........................................8

*J.C. Millett Company v. Latchford-Marble Glass Co.* (1959) 167 Cal.App.2d 218 ...................................................................12, 13

*M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 19.....................................10

*Mast, Foos & Co. v. Stover Manufacturing Co.* (1900) 177 U.S. 458, 488..........................................................................................10

*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal. 4th 459, 466 ............................7

*O'Shea v. Littleton* (1974) 414 U.S. 488, 499–504..................................................10

*Railroad Comm'n v. Pullman Co.* (1941) 312 U.S. 496 ...........................................10

*Younger v. Harris* (1971) 401 U.S. 37, 44 ....................................................9

*/ / /*

## <u>Statutes</u>

28 U.S.C. § 1404 (a) ................................................................................................. 11

California *Code of Civil Procedure* § 631 ................................................................. 5

## <u>Rules</u>

Fed. R. Civ. P. 38 ...................................................................................................... 5

**TABLE OF AUTHORITIES**

# I.     **INTRODUCTION**

Defendant Thor Motor Coach, Inc. manufactures motorhomes and distributes them nationwide. In fact, its website boasts that it is the No. 1 motorhome brand in North America, producing nearly 1 out of every motorhome sold each year.[1]   Thor clearly derives substantial benefits from its nationwide distribution of products but seemingly hopes to avoid the burdens of responding to claims questioning the integrity of products in the very jurisdictions that it sells product in.  It hopes to do so by quashing the enforcement of a consumer's rights by means of a surreptitiously placed forum selection clause in its warranty documentation which, in this case, it cannot even establish was set forth in plaintiff's product literature because the documents provided simply do not match and are of differing versions.   Thor's apparent effort to "authenticate" the documents is an utter failure.

That said, the forum selection clause is intended to provide Thor with a more favorable jurisdiction, allowing it to litigate in its own backyard.  Yet, even with the seemingly favorable case law, Thor has tripped all over itself by attempting to enforce such a forum selection clause in this case.   As detailed herein, there are numerous problems with Thor's forum selection clause that, in turn, warrant a denial of its motion.

First, Thor has referred to a document which it cannot prove these plaintiffs received.  Thor's motion can only demonstrate that plaintiff(s) signed pages 13 and 14 of a "document" but it failed to establish that *the* document plaintiff(s) signed is in fact, part of the "sample" warranty that Thor's motion supplies as Exhibit "C."  In fact, as plaintiff shows herein, the two documents are not the same and Thor's effort to suggest it is by a dealer "executive's" declaration falls flat.  That executive was not involved in the sale and the glaring differences in the document shows that executive knows nothing.  Beyond this shell game, Thor has absolutely no way of

---

[1] *See*, https://www.thormotorcoach.com/company/.   "Welcome to Thor Motor Coach, the #1 Motorhome Brand in North America, producing nearly 1 out of every 4 motorhomes sold each year…."

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT**

confirming that the documents are one in the same because it was not a party to the sale transaction and has not provided any credible evidence from the selling dealer.

Second, and more compelling, even if Thor established that a valid form selection clause was in place, it cannot as a matter of law enforce it. This is because the warranty documentation contains a jury trial waiver.  Jury trial waivers are ***illegal*** in California as they are against public policy.  *See*, *Grafton Partners v. Superior Court* (2005) 36 Cal. 4th 944; *Handoush v. Lease Fin. Group, LLC*, No. A150863, 2019 WL 5615674 (Cal. Ct. App. Oct. 31, 2019- slip opinion), *review granted*, February 20, 2020.[2]  Enforcing the clause would deprive plaintiffs of their constitution right of a jury trial and would likewise render plaintiff's claims impotent.  Indeed, as detailed herein, granting Thor's motion would deprive plaintiffs of a fair opportunity to adequately present their case and all but deprive them of their "day in court" thus denying substantial justice.

Thor's attempt to circumvent this illegality by "stipulating" to anything will not correct this.  The fact remains that the provision is illegal *ab initio.*  Thus, Thor's belated stipulation is ineffective because plaintiff's jury trial right under state and federal law are clear as described herein.

## II.   THOR HAS FAILED TO SHOW THAT THE FORUM SELECTION CLAUSE IT IS SEEKING TO ENFORCE WAS IN FACT PART OF THE WARRANTY MATERIALS PROVIDED TO PLAINTIFF

Thor's motion fails of its essential purpose because nothing in its papers actually demonstrates that the forum selection clause purportedly contained in its written warranty materials was, in fact, part of the materials given to the plaintiffs. Stated differently, Thor cannot establish that the clause was ***ever*** part of the literature plaintiff's received from the dealer.  Thor is nonetheless asking the Court to enforce its forum selection clause on "faith."

---

[2] *See*, footnote 4, *infra*.

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT**

Thor attempts to establish the presence and thus presumptive validity of the forum selection clause by producing a declaration from "Consumer Affairs Manager" Mark Stanley.  Mr. Stanley's Declaration identifies two key pieces of documentation.  The first, labeled as Exhibit "B" to defendant's Notice of Lodging is identified as Product Warranty Registration Form reflecting the plaintiff's signatures and the date of April 5, 2019.  Internally, the document, Exhibit "B," is paginated as page 13 (lower right hand side) and page 14 (lower left hand side) of an unidentified document that it was taken from.

The second document, labeled as Exhibit "C" to the defendant's Notice of Lodging, is a multi-page document entitled "Warranty Guide."  However, Exhibit "C" does not even show that it has pagination beyond page 10.  Moreover, the document that seems to mirror Exhibit "B," is paginated "A" (lower right hand corner) and "B" (lower left hand corner) are unsigned.  Thus, the *most* that can be said of Exhibit "C" is that it is an exemplar of Thor's current warranty but it is not clear that it is *the* warranty that was provided to the plaintiffs by the selling dealer.

Cleverly, Mr. Stanley's declaration does not state that the warranties provided with the Notice of Lodging and referenced to his declaration are **the** warranties provided on plaintiffs' motorhome; rather, Mr. Stanley simply states that he is "informed and believes" that this was the warranty that the plaintiffs were given. *See*, Decl. Mark D. Stanley p. 2, ¶ 4, lines 10-13.  Mr. Stanley's declaration is worded this way because neither Mr. Stanley nor anyone at Thor actually knows what warranties were provided to the plaintiff in this case.  Mr. Stanley did not work for the selling dealer and neither he nor anyone from Thor was involved in the sale of the vehicle or has direct knowledge of what warranty was actually given to these plaintiffs.

Whatever process Mr. Stanley is relying on to determine what warranty was provided to a consumer is evidently not reliable because he has no personal knowledge about what the selling dealer did or delivered to the customer.  As such,

3

his declaration should be discounted.  Setting aside the seemingly strong policy of enforcing forum selection clauses after the Supreme Court's decision in *Atlantic Marine,* it is incredibly difficult to comply with such precedent when the presence of a presumptively valid forum selection clause is predicated on nothing more than rank speculation rather than incontrovertible evidence.

In fact, the only person or organization that could *perhaps* provide any evidence of what these plaintiffs were provided, the selling dealers salesperson, are noticeably absent from Thor's motion.  Thor attempts to make up for this glaring error by providing a declaration from a dealer executive, Mike Murphy.  However, Mr. Murphy's declaration provides no reliable information.  Mr. Murphy's declaration only seems to "authenticate" what the plaintiff signed.  Mr. Stanley's declaration achieves the same thing.  Mr. Murphy is a dealer executive; on its face, his declaration establishes that he was not involved in the sale of the subject vehicle and also establishes that he took no part in the physical documentation or transaction of the sale.

Accordingly, the first fatal flaw in Thor's motion is that it "presumes" a valid forum selection clause exists in the warranty materials provided to the plaintiff but it fails to show that it actually exists in the materials plaintiff received.  This Court should give no weight to Mr. Stanley's declaration or Mr. Murphy's declaration.  There is simply no way that Thor, Mr. Stanley or Mr. Murphy can establish what warranty documentation was provided to the plaintiff.  In fact, when Thor's key witness has been wrong so often in the past as detailed in the attached Declaration of David N. Barry, and when the consequences for being wrong are a substantial waste of this Court's, the Indiana's court's, and the litigants' time and money, this Court should be hesitant to merely rubber stamp the motion and send the case to another jurisdiction.  Thor has not met its threshold burden of proving that any forum selection clause exists in the warranty materials provided to the plaintiff.  The motion should be denied.

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT**

## III.   **THOR'S FORUM SELECTION CLAUSE IS NOT ENFORCEABLE AS A MATTER OF LAW**

### A.   *Thor's Forum Selection Clause Violates California Public Policy Because It Contains a Pre-Suit Jury Trial Waiver and California Has a Compelling Interest that Matters Involving Consumer Claims Be Litigated in California.*

California has a constitutionally granted and statutorily guarded jury trial right.  California *Code of Civil Procedure* § 631 (a) provides that "[t]he right to a trial by jury as declared by Section 16 of Article I of the California Constitution *shall be preserved to the parties inviolate*. [Emphasis added].   Further, Section 631(f) provides that jury trial waivers may *only* be enforced in the following instances:

(f)  A party waives trial by jury in any of the following ways:

(1)  By failing to appear at the trial.

(2)  By written consent filed with the clerk or judge.

(3)  By oral consent, in open court, entered in the minutes.

(4)  By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation.

(5)  By failing to timely pay the fee described in subdivision (b), unless another party on the same side of the case has paid that fee.

(6)  By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, the sum provided in subdivision (e).

Federal law's protection of the right to a jury trial is similarly preserved by statute and the U.S. Constitution.  *See*, e.g. Fed. R. Civ. P. 38.[3]

---

[3]    Rule 38 provides "(a) **Right Preserved**. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.

1    The first page of Thor's Exhibit "B" (Warranty Registration) there are seven

2    bullet points.  The last one states in a font substantially smaller than 12 pt. font:

3    **"I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME**

4    **SHALL BE DECIDED BY A JUDGE RATHER THAN A JURY."**

5    Thor's pre-suit jury trial waiver is clearly meant to be read in concert with the

6    forum selection clause and the choice of law clause contained therein.  Thor's pre-

7    suit jury trial waiver is not only void but it renders the entire forum selection clause

8    unenforceable, *ab initio*.

9    In 2005, the California Supreme Court held that California state law does not

10   permit a pre-dispute contractual waiver of the right to jury trial.  *Grafton Partners v.*

11   *Superior Court* (2005) 36 Cal. 4th 944.  The Court held that a jury trial waiver could

12   only be accomplished under the specific methods set forth in section 631(f) the *Code*

13   *of Civil Procedure* or by selecting a nonjury forum authorized by statute, such as

14   arbitration (CCP 1231) or a trial by referee (CCP 638).  But, ***the parties to an***

15   ***agreement cannot validly decide in advance that any dispute will be resolved in***

16   ***only a court trial***.  Such a contractual pre-suit waiver, exactly like the one contained

17   in Thor's warranty documents, is void, *ab inito* and cannot be enforced.

18   The holding of *Grafton Partners* was extended by the Court of Appeal in the

19   context of a forum selection clause that contained a pre-suit jury trial waiver.   In

20   *Handoush v. Lease Fin. Group, LLC*, No. A150863, 2019 WL 5615674 (Cal. Ct.

21   App. Oct. 31, 2019)[4] the California Court of Appeal tackled the non-waiveability of

22   _____

23   [4] On February 11, 2020, the California Supreme Court granted review of *Handoush*.  Review is still pending
     as of July 25, 2020.  While the Court's grant of review eliminates the case's precedential value.  However, under recent

24   amendments to the California *Rules of Court*, the case can still be cited for persuasive authority even if not
     precedential.  Specifically, Rule 8.1115(e)(1) of the California Rules of Court provides:

25   **Rule 8.1115. Citation of opinions**

26                                              * * *

27   **(e) When review of published opinion has been granted**
         (1) *While review is pending*

28       Pending review and filing of the Supreme Court's opinion, unless otherwise ordered by the Supreme Court
     under (3), a published opinion of a Court of Appeal in the matter has no binding or precedential effect, and may be

1    the jury trial right addressed by *Grafton Partners* in the context of forum selection

2    and choice of law clause, exactly like Thor has here.

3         In *Handoush,* the Court of Appeal refused to enforce a contractually selected

4    New York forum and choice of law clause because the contract also contained a jury

5    trial waiver that would likely be upheld by a New York court.   While the Court

6    recognized that California, like federal law, enforced forum selection clauses as a

7    general rule, the Court noted that there is an exception to presumptive enforceability:

8    "California courts will refuse to defer to the selected forum if to do so would

9    substantially diminish the rights of California residents in a way that violates our

10   state's public policy."  *Id.*, *citing Am. Online, Inc. v. Superior Court* (2001) 90 Cal.

11   App. 4th 1, 12.  Along the same lines, a choice of law clause will not be enforced if

12   the chosen state's law is contrary to a fundamental policy of California and

13   California has the materially greater interest in enforcement.  *Id.*, *citing Nedlloyd*

14   *Lines B.V. v. Superior Court* (1992) 3 Cal. 4th 459, 466.

15        The Handoush Court's holding is thus summarized as follows:

16   1.  The forum selection clause at issue here was unenforceable because

17       enforcement of it had the "potential to contravene a fundamental California

18       policy of zealously guarding the inviolate right to a jury trial, which is

19       unwaivable by predispute agreements."

20   2.  Enforcing the New York forum selection clause "will put the issue of

21       enforceability of the jury trial waiver contained in the same agreement

22       before a New York court … [and therefore] has the potential to operate as a

23       waiver of a right the [California legislature and California Supreme Court]

24       have declared unwaivable."

25

26

27

28   cited for potentially persuasive value only. Any citation to the Court of Appeal opinion must also note the grant of
     review and any subsequent action by the Supreme Court.

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE**
**TO INDIANA FEDERAL COURT**

3.   The forum selection clause is not enforceable "precisely because litigation in New York may diminish Handoush's substantive right under California law."

*Handoush v. Lease Fin. Group, LLC*, *supra*, at p. 1 (slip opinion).

The *Handoush* Court correctly recognized that California law held the right to jury trial as "fundamental," "inviolate" and "sacred," and ***will not*** permit its waiver in a pre-dispute contract. The court also recognized that the prior California cases that refused to enforce forum selections on public policy grounds addressed unwaivable *substantive* statutory rights.  The California jury trial right, on the other hand, is likely procedural and it explored the differing standards of jury trial waivers in federal court versus state court.  Noting that the federal standard of jury trial waiver was more lenient, the Court nonetheless determined that it could not be vitiated through a contractual choice of venue.  Relying on *In re County of Orange* (9th Cir. 2015) 784, F.3d 520, the Court reasoned that the jury trial right is "intimately bound up with the state's substantive decision making and it serves substantive state policies of preserving the right to a jury trial in the strongest possible terms, an interest the California Constitution zealously guards."  Further, under *In re County of Orange*¸ the Court of Appeal noted that when a federal court sitting in diversity (as this one is) is evaluating a pre-suit jury trial waiver, it *must* apply the relevant *state law* when that law is more protective than federal law.  *In re County of Orange*, *supra*, 784 F.3d at 531-532.

Accordingly, California's inviolate jury trial right takes precedence here. Plaintiff submits that as a matter of California and Federal law, Thor's forum selection and choice of law clause cannot be enforced because doing so would give life to a jury trial waiver that case law recognizes is void *ab initio* and would amount to a court sponsored violation of plaintiffs' constitutional and statutory jury trial rights protected by California and Federal law.

8

1   Further, Thor has failed to show that, in the context of this waiver, that

2   Indiana's courts would not protect plaintiff's rights similarly.  Thor's motion must

3   therefore be denied and the matter retained in California.

4   **B.    *Thor's Suggested "Stipulation" to Preserve Plaintiff's Jury Trial***

5   ***Rights and Apply the Song-Beverly Act Is a Ruse Intended to***

6   ***Circumvent the Illegality of the Forum Selection Clause and the***

7   ***California Supreme Court's Consideration of the Issue.***

8   Thor's motion spends a considerable amount of effort trying to justify its

9   forum selection clause by claiming that it will "stipulate" to preserve plaintiff's jury

10  trial right.[5]  This is a ruse.  The Court should be wary of this because the offered

11  "stipulation," which plaintiff rejects outright, remains predicated upon a forum

12  selection clause that is linked to a jury trial right which at least one California Court

13  of Appeal has already deemed illegal and which the state's highest court has now

14  taken under review in further appellate proceedings.  In other words, Thor's forum

15  selection clause is tied directly to the jury trial waiver.  As the *Handoush* Court

16  found, when a jury trial waiver is tied into a forum selection clause as is the case

17  here, ***both*** **are illegal and unenforceable.**

18  This Court should follow principles of comity and allow California's highest

19  court to rule on the issue.  "[T]he notion of 'comity,' " Justice Black asserted, is

20  composed of "a proper respect for state functions, a recognition of the fact that the

21  entire country is made up of a Union of separate state governments, and a

22  continuance of the belief that the National Government will fare best if the States

23  and their institutions are left free to perform their separate functions in their separate

24  ways. This, perhaps for lack of a better and clearer way to describe it, is referred to

25  by many as 'Our Federalism'. . . ."  *Younger v. Harris* (1971) 401 U.S. 37, 44.

26  _____

27  [5] Thor is offering this silly stipulation because it has another motion currently pending in federal court with
    this office and plaintiff's illegality argument in that matter apparently "scared" Thor to the point where it needed to
    anticipatorily address this point in its opening brief.  What Thor seemingly fails to understand is that if its motion

28  cannot be substantiated on an illegal forum selection clause, the motion is nothing more than a motion to change venue
    for the convenience of witnesses which carries a higher burden that Thor has failed to substantiate.

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE
TO INDIANA FEDERAL COURT**

Comity is a self-imposed rule of judicial restraint whereby independent tribunals of concurrent or coordinate jurisdiction act to moderate the stresses of coexistence and to avoid collisions of authority. It is not a rule of law but "one of practice, convenience, and expediency," *Mast, Foos & Co. v. Stover Manufacturing Co.* (1900) 177 U.S. 458, 488.  Recent decisions emphasize comity as the primary reason for restraint in federal court actions tending to interfere with state courts.  *See*, e.g., *O'Shea v. Littleton* (1974) 414 U.S. 488, 499–504.

The only appropriate approach in response to Thor's suggested stipulation is that the Court reject the offer and abstain from using it as a "workaround" and the basis of granting the motion because the motion is already predicated on flimsy legal footing.  Abstention was formulated by Justice Frankfurter for the Court in *Railroad Comm'n v. Pullman Co.* (1941) 312 U.S. 496.  Other strands of the doctrine are that a federal court should refrain from exercising jurisdiction in order to avoid needless conflict with a state's administration of its own affairs.  *Burford v. Sun Oil Co.* (1943) 319 U.S. 315. At bottom, the abstention doctrine instructs federal courts to abstain from exercising jurisdiction if applicable state law, which would be dispositive of the controversy, is unclear and a state court interpretation of the state law question might obviate the necessity of deciding an issue.  That is the case here.

**C.**   ***Without a Valid Forum Selection Clause, Thor's Motion Is Nothing More Than a Generic Motion to Change Venue That Fails to Establish the High Burdens of Witness Convenience or Meeting the Ends of Justice Under 28 U.S.C. 1404(a).***

As Thor's motion noted, the U.S. Supreme Court recognized in both *Atlantic Marine* and *M/S Bremen* that forum selection clauses bear a "presumption" of validity.  However, "presumptive" validity does not render enforcement absolute.  Both cases recognized this and noted that circumstance exist where enforcement would be "unreasonable" or "seriously inconvenient."  *M/S Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 19.  Here, however, the issue is not one of simple

"unreasonableness" or "serious inconvenience."   The entire premise of Thor's motion, a valid forum selection clause, is in question under California law.  Indeed, Thor's proposed "stipulation," as discussed above, confirms that even Thor believes that its forum selection clause is on questionable legal footing.  As such, the when this Court separates the wheat from the chaff, it is evident that the "presumption" from *Atlantic Marine* or *M/S Bremen* has all but evaporated, relegating Thor's motion to nothing more than a generic, statutory motion to change under 28 U.S.C. § 1404 (a) under which Thor has likewise failed to carry its burden.

When deciding a statutory motion to transfer venue, plaintiff is entitled to a preference of his chosen forum and that choice of forum is entitled to great deference unless the moving party can show that other factors of convenience outweigh plaintiff's forum choice.  *Decker Coal Co. v. Commonwealth Edison Co.* (9th  Cir. 1986) 805 F.2d 834, 843.  This means that the moving party show that a transfer of venue will allow a case to proceed more conveniently and better serve the interests of justice.  *Commodity Futures Trading Comm. v. Savage* (9th Cir. 1979) 611 F.2d 270.  To do so, this Court must look at the private and public factors.  Private-interest factors include: (1) relative ease of access to sources of proof;  (2) availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of the cases expeditious and inexpensive. Public-interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action, and (5) the avoidance of unnecessary problems in conflicts of law. *Decker Coal Co.*, *supra*, 805 F.2d at 843.

Here, all of the private and public factors weigh in favor of the plaintiff's chosen forum in Los Angeles County.  The only connection to Indiana is that Thor's

corporate office is located there.  Beyond that, Indiana has no connection with or interest in hearing a statutory lemon law applying the Song-Beverly Act to a case about a vehicle that was purchased at Giant RV in Downey, located in Los Angeles County, California.  Indeed, Indiana's courts are not equipped to properly apply the Song-Beverly Act with all its nuances developed over 40 years of litigation involving the Act.

Moreover, everything necessary to the effective prosecution and defense of this case sits in California.  All repairs were performed in Los Angeles County, all repair records are maintained by the selling dealer located in Los Angeles County, all of the dealer's technicians and critical witnesses are in Los Angeles County, California.  There are significant obstacles to obtaining jurisdiction over the attendance of the important dealer and technical witnesses residing in California, to attend any trial in Indiana.  None of the critical witnesses can be compelled to testify at a lemon law case in federal court in Indiana.  With the exception of the plaintiffs, none of these witnesses could realistically be expected to leave their jobs or family to testify in California for any length of time.  Indeed, it is logical that none of these witnesses would want or even be permitted to take any time off from their employers to travel to Indiana for a matter that does not involve their personal interests or their employer's interests.

In considering issues of venue, California courts have long noted the importance of testimony from *live* witnesses.  For example, in *J.C. Millett Company v. Latchford-Marble Glass Co.* (1959) 167 Cal.App.2d 218, the court held that:

[T]here are several logical and valid inferences arising from the averments in the affidavits to support the trial court's conclusion that the ends of justice would be better served by transferring the trial closer to the witnesses.  In the first place, the witnesses would be readily accessible for immediate recall if further testimony was desirable, thus preventing needless delays.  The obvious saving in the witnesses' time

1    and expense in traveling to Los Angeles and returning to San Francisco
2    also promotes justice.   Furthermore, as four of the witnesses are
3    adverse, it would be necessary for plaintiffs to obtain their testimony by
4    deposition if trial were held in Los Angeles, and the ends of justice are
5    better served by representing to the trier of fact oral testimony rather
6    than submitting the same through depositions.

7    167 Cal.App.2d at 227-228. (citations omitted.)

8    As further stated in *J.C. Millett*, "it is manifestly always more satisfactory and
9    desirable, in jury cases in particular, to present the testimony firsthand to those who
10   must determine the questions of fact, than to submit the same through depositions,
11   which, in practicable effect, is always a sort of hearsay way of adducing the proofs."
12   *Id*. at 228.

13   More importantly, California has a direct interest, much more than Indiana, in
14   protecting one of its consumers residing within its own state and administering the
15   laws of its state, particularly where the issues emanate within California's borders.
16   *See*, *e.g.*, *Hernandez v. Burger* (1980) 102 Cal. App.3d 795, 802. ["Indeed, with
17   respect to regulating or affecting conduct within its border**,** the place of the wrong
18   has the ***predominant*** interest."]

19   Since Thor's forum selection is of questionable validity, Thor has no other
20   compelling reason that justifies transferring this entire case to Indiana.  Moreover,
21   even if the court were to seriously consider a change of venue plaintiff would have
22   an absolute right to a jury trial which Thor cannot demonstrate the Indiana court's
23   would protect as California does.  Thor has not submitted anything that establishes
24   this.

25   California provides the appropriate forum for this case.  California provides the
26   most complete access to those individuals and information critical to the presentation
27   of this case, both from the plaintiff and defense perspectives.  Except for the fact that
28   one of its corporate residents has surreptitiously hoisted a questionable forum selection

**PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE
TO INDIANA FEDERAL COURT**

clause on a party that had no reasonable chance to negotiate that clause (plaintiff would never have seen the warranty materials until *after* purchase)[6] Indiana has absolutely no interest in providing a forum for disputes involving a routine lemon law case arising from a motor home purchased and registered in California, that was sold in California, that was repaired in California and which, in all likelihood, has never even traveled into Indiana.  The key question then, is this: What possible state interest can Indiana have to enforce a California consumer's rights where every piece of documentary, physical and testimonial evidence is in California?  Similarly, what possible interest can an Indiana judge or jury have in adjudicating a California consumer's rights?  The answer to both questions is "None."

Thor's motion should be denied.

## IV.   **CONCLUSION**

For all of the foregoing reasons, plaintiffs submit that Thor's motion be denied and that the Court retain jurisdiction of this matter in California.


Date:   July 26, 2020                              THE BARRY LAW FIRM


By:  _____s/ David N. Barry_____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
MICHAEL DEROSA

---

[6] Also noteworthy in Exhibit "B" to Thor's motion is the statement that unless the consumer signs the document, Thor will not register the vehicle warranty.  As noted in the Introduction of this Opposition, Thor seeks the benefits of selling its products nationwide but does not want to deal with the burdens of defending its products when deemed defective.  Given this attitude, perhaps the better approach would be for Thor to only sell product in Indiana.

## DECLARATION OF DAVID N. BARRY

I, David N. Barry, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts in the State of California and this Court and I am counsel of record for the plaintiffs in this matter. I make this Declaration in support of Plaintiffs' Opposition to Thor Motor Coach's Motion to Transfer Venue.

2.     I am/was the attorney with primary handling responsibility of this matter and therefore, I have personally knowledge of all proceedings in this case . Accordingly, if called upon as a witness, I could and would competently testify to the following based upon my own personal knowledge.

3.     Attached hereto as Exhibit "1" is a true and correct copy of the First District Court of Appeal's slip opinion published in *Handoush v. Lease Fin. Group, LLC*, No. A150863, 2019 WL 5615674 (Cal. Ct. App. Oct. 31, 2019).  As noted in plaintiffs' Opposition brief, the California Supreme Court granted review on February 20, 2020.   Plaintiffs have cited *Handoush* pursuant to the authority provided in Rule 8.1115 of the California *Rules of Court.*

4.     In regards to Thor's practice of seeking to enforce a forum selection clause in its warranty materials, I am intimately familiar with selected cases where Thor has pursued such an approach.  This familiarity is based upon my review of the case materials in these cases and my extensive discussions with plaintiff's counsel in those cases.  The following is pertinent to the handling of this matter.

5.     In the matter of *Forkum v. Thor Motor Coach, Inc.* in the Eastern District of California (2:17-CV-02196-TLN-CKD), Thor moved to transfer venue based on a forum selection clause similar to the one at issue here. The problem in that case is was that the plaintiff, Mr. Forkum had never seen the warranty attached to Mr. Stanley's Declaration.  The warranty given to Mr. Forkum, and for which he signed a Registration and Acknowledgement of Receipt of Warranty and Product

1

1    Information, contained a very different venue provision that was unenforceable for
2    other reasons not relevant here.

3        6.    Similarly, in the matter of *Lee v. Thor Motor Coach, Inc.* in the
4    Northern District of California (5:16-cv-05264-HRL). There, the plaintiff had was
5    given a warranty that contained *no* forum selection clause.  At the deposition of Mr.
6    Stanley, he was asked to produce the warranty given to Mr. Lee. Mr. Stanley
7    produced a different warranty than the one actually given to Mr. Lee. When asked
8    how it was possible that Mr. Lee could have received a warranty with no forum
9    selection clause, Mr. Stanley did not know.

10       7.    This was again true in *Frank v. Thor Motor Coach, Inc.*, which was
11   filed in the Northern District of California (5:15-CV-02692-HRL). That case
12   involved a 2015 Thor Tuscany. According to Mr. Stanley's deposition testimony in
13   that matter, Thor decided to add a venue provision to its warranties at some point
14   between October 15, 2012 and April 29, 2013. According to the "process" used by
15   Thor for its warranties, there should have been no way that Mr. and Mrs. Frank
16   received a warranty without a venue provision. Yet, somehow they did. And again,
17   Mr. Stanley had no explanation for how this happened.

18       8.    In the matter of *Scott v. Jayco, Inc.*, in the Eastern District of California
19   (1:19-cv-00315-JLT), Thor (which owns Jayco, Inc.) attached a warranty with a
20   venue provision to its motion to transfer to Indiana. The case was subsequently
21   transferred to Indiana. Later, it was discovered that the warranty relied on by Thor
22   was not the warranty given to the plaintiff. Once informed of the fact that the
23   warranty given to Mr. Scott contained no venue provision, the parties made another
24   request to transfer the case back to California.  The parties wasted nearly six months
25   and the resources of both California and Indiana federal courts to end up in the exact
26   same place that they started.

27   / / /
28   / / /

2
**DECLARATION OF DAVID N. BARRY**

1    I declare under penalty of perjury under the laws of the State of California and

2    the United States that the foregoing is true and correct.

3        Executed this 27th day of July, 2020, in Los Angeles, California.

4

5

6                                    _____/s/ David N. Barry_____

7                                    David N. Barry

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Filed 10/31/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZEAAD HANDOUSH,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LEASE FINANCE GROUP, LLC,<br><br>     Defendant and Respondent. | A150863<br><br>(Alameda County<br>Super. Ct. No. RG16800919) |

Plaintiff Zeaad Handoush appeals from an order granting defendant Lease Finance Group, LLC's (LFG) motion to dismiss based upon a forum selection clause in the parties' lease agreement.  The clause designates the State and County of New York as the forum for any dispute between the parties and designates New York law as governing all disputes.  It also includes a jury trial waiver.  Handoush argues the trial court erred because enforcing the forum selection clause and related choice of law clause deprives him of his substantive right to a jury trial, which is unwaivable at the predispute stage under California law.  We reverse.

**BACKGROUND**

On January 21, 2016, Handoush, the owner of Whelan's Cigar Store, sued LFG alleging LFG defrauded Handoush regarding a lease agreement for credit card processing equipment between Handoush and LFG, as assignee of Americorp Leasing, LLC.[1]  The complaint alleges causes of action for fraud, rescission, injunctive relief and violation of

---

[1] The complaint includes as coplaintiffs:  Whelan's Cigar Store; Samir Elzofri; Ghannem Enterprises, Inc.; and Big Al's Zahave Smoke and Gift Shop.  It also names other companies and individuals as defendants, but the plaintiffs later dismissed all defendants except LFG.  Handoush is the only appellant.

1

Business and Professions Code section 17200.  Attached to the complaint is the lease agreement, which states in relevant part: "GOVERNING LAW; CHOICE OF FORUM;WAIVER OF JURY TRIAL; LIMITATION OF ACTION.  You and we agree that our acceptance and execution of the Lease at our executive office in the City and State of New York shall be the final act necessary for the formation of this Lease.  This Lease, and any and all actions, proceedings, and matters in dispute between you and us, whether arising from or relating to the Lease itself, or arising from alleged extra-contractual facts prior to, during, or subsequent to the Lease (all collectively referred to hereafter as a "Dispute"), shall be governed by the laws of the State of New York, without regard to the conflict of law, rules or principles thereof.  All Disputes shall be instituted and prosecuted exclusively in the federal or state courts located in the State and County of New York notwithstanding that other courts may have jurisdiction over the parties and the subject matter.  YOU AND WE WAIVE, INSOFAR AS PERMITTED BY LAW, TRIAL BY JURY IN ANY DISPUTE. . . ."

On November 11, 2016, LFG moved to dismiss the complaint under Code of Civil Procedure section 410.30, subdivision (a), based upon the forum selection clause in the lease agreement.  Handoush's opposition argued that he was unaware of the forum selection clause, and he submitted an unsigned declaration in support of his argument. He also argued the clause is unenforceable because it would deprive him of his substantive right to a jury trial.  According to Handoush, because the forum selection clause also purports to deprive him of the right to a jury trial, the burden is shifted to LFG to show that litigating in the contractually designated forum will not diminish Handoush's substantive rights afforded under California law.  *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944 (*Grafton*), forbids predispute jury trial waivers, whereas under New York law such waivers are enforceable.  Handoush argued that LFG failed to meet its burden to demonstrate that enforcing the forum selection clause will not diminish Handoush's substantive rights.  LFG's reply brief below did not address Handoush's burden shifting or substantive rights arguments.  Instead it argued that forum selection clauses are presumptively valid and that Handoush's declaration is irrelevant.

2

On January 10, 2017, the court affirmed its tentative ruling and issued an order granting LFG's motion to dismiss.  The court found that Handoush did not meet his heavy burden of demonstrating that the forum selection clause is unreasonable.  The court noted Handoush's declaration in opposition to the motion is unsigned and concluded Handoush submitted no admissible evidence in opposition.  The court rejected Handoush's argument that the burden shifts to LFG to demonstrate that the forum selection clause will not diminish his substantive rights under California law, finding that such burden shifting only applies where a plaintiff's claim involves unwaivable rights created by California statutes.  In addition, the court states "the right to trial by jury is not unwaivable" under Code of Civil Procedure section 631.  Finally, the order states, "Plaintiffs argue that California law forbids predispute waiver of the right to a jury trial, unlike New York law, citing *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 962.  Although that is true, nothing in the *Grafton* case precludes parties from entering [into] a predispute agreement that New York law applies to their dispute."  (Italics added.)

On February 28, 2017, Handoush filed a timely notice of appeal.

## DISCUSSION

"There is a split of authority regarding the appropriate standard of review on whether a forum selection clause should be enforced through a motion to dismiss for forum non conveniens."  (*Quanta Computer Inc. v. Japan Communications Inc.* (2018) 21 Cal.App.5th 438, 446.)  "The majority of cases apply the abuse of discretion standard, not the substantial evidence standard."  (*Korman v. Princess Cruise Lines, Ltd.* (2019) 32 Cal.App.5th 206, 214, fn. 6.)  We do not resolve this dispute here because the trial court erroneously granted LFG's motion under either standard.

"California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable.  [Citation.] This favorable treatment is attributed to our law's devotion to the concept of one's right to contract, and flows from the important practical effect such contractual rights have on commerce generally."  (*America Online, Inc. v. Superior Court* (2001) 90

Cal.App.4th 1, 11 (*AOL*).)  But "California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy."  (*Id.* at p. 12.)

A mandatory forum selection clause such as the one at issue here is generally given effect unless enforcement would be unreasonable or unfair, and the party opposing enforcement of the clause ordinarily bears the burden of proving why it should not be enforced.[2]  (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*).)  However, the burden is "reversed when the claims at issue are based on unwaivable rights created by California statutes [in which case] the party seeking to enforce the forum selection clause bears the burden to show litigating the claims in the contractually designated forum 'will not diminish in any way the substantive rights afforded . . . under California law.' "  (*Ibid.*, quoting *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1522 (*Wimsatt*).)

Handoush argues that the forum selection clause impacts his substantive rights under California law because it includes a predispute waiver of the right to a jury trial and such a right is unwaivable, even voluntarily, under California law.  Accordingly, he argues the court erred in failing to place the burden on LFG to prove litigating in New York will not result in a diminution of his substantive rights under California law.  LFG argues that Handoush's case against LFG does not involve claims based on unwaivable rights under a statutory scheme such as those at issue in *Verdugo*, *AOL*, and *Wimsatt*, and therefore the burden should not shift to LFG.  Although Handoush's claims are not based on a statutory scheme,[3] we find that enforcing the forum selection clause here would be

_____

[2] Mandatory forum selection clauses—as opposed to permissive clauses—require the parties to litigate exclusively in the designated forum.  Permissive forum selection clauses only require the parties to submit to jurisdiction in the designated forum. (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147, fn. 2.)

[3] Handoush asserts a cause of action for violation of Business and Professions Code section 17200, California's unfair competition law (UCL).  However, he did not argue below, and he does not argue on appeal, that this claim provides for unwaivable statutory rights.  We note that unlike the statutes at issue in *Wimsatt*, *AOL*, and *Verdugo*,

contrary to California's fundamental public policy protecting the jury trial right and prohibiting courts from enforcing predispute jury trial waivers.

### A. Burden of Proof

In *Wimsatt* the court reversed an order dismissing a lawsuit alleging violations of California's Franchise Investment Law (Corp. Code, § 31000 et seq.), finding that the defendant bore the burden to show litigation in the selected forum will not diminish the plaintiff's substantive rights. (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1522, 1524.) "One of the most important protections California offers its franchise citizens is an antiwaiver statute which voids any provision in a franchise agreement which waives any of the other protections afforded by the Franchise Investment Law. [Citation.] A forum selection clause, however, carries the potential to contravene this statute by placing litigation in a forum in which there is no guaranty that California's franchise laws will be applied to a franchisee's claims. . . . If a forum selection clause places in-state franchisees in an out-of-state forum which uses some balancing test (or equivalent) to determine that the law of the out-of-state forum should be used in place of California's, then a forum selection clause in a franchise agreement will have effectively circumvented California's antiwaiver statute. . . . [¶] . . . [¶] Given California's inability to guarantee application of its Franchise Investment Law in the contract forum, its courts must necessarily do the next best thing. In determining the 'validity and enforceability' of forum selection provisions in franchise agreements, its courts must put the burden on the franchisor to show that litigation in the contract forum will not diminish in any way the substantive rights afforded California franchisees under California law." (*Id.* at pp. 1520–1522, fn. omitted.)

*AOL* applied the same reasoning when it affirmed the denial of a motion to dismiss a lawsuit alleging claims under the Consumers Legal Remedies Act (Civ. Code, § 1750

---

the UCL does not contain an antiwaiver provision. (*Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 589.) We do not consider issues not raised below. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800–801.)

et seq.) (CLRA).  The court found that because the CLRA included an antiwaiver provision, the burden rests on the defendant (the party seeking to enforce the forum selection clause) "to prove that enforcement of the forum selection clause would not result in a significant diminution of rights to California consumers."  (*AOL*, *supra*, 90 Cal.App.4th at p. 10.)

More recently, in *Verdugo*, the court reversed an order dismissing a lawsuit alleging wage and hour violations under the Labor Code, finding that the defendant failed to meet its burden to show that enforcing the forum selection clause would "not diminish in any way" the plaintiff's unwaivable statutory rights.  (*Verdugo*, *supra*, 237 Cal.App.4th at pp. 144, 157–158, 160, 162, italics omitted.)  "[A] defendant can meet its burden only by showing the foreign forum provides the same or greater rights than California, or the foreign forum will apply California law on the claims at issue."  (*Id.* at p. 157.)  The court found the defendant's argument that a Texas court " 'would most likely apply California law to Verdugo's claims notwithstanding the [Employment Agreement's] choice of law provision' " insufficient to meet its burden, and noted that the defendant could have stipulated, but did not stipulate, to have a Texas court apply California law.  (*Id.* at pp. 158–160, italics omitted.)

### B.  Enforcement of Forum Selection Clause Violates Fundamental California Policy Protecting Jury Trial Rights

As we have stated, Handoush's claims are not based upon a statutory scheme which includes an antiwaiver provision like the claims at issue in *Wimsatt*, *AOL*, and *Verdugo*.  However, Handoush's complaint includes a demand for a jury trial, which Handoush correctly argues is unwaivable in predispute contracts under California law.  (*Grafton*, *supra*, 36 Cal.4th 944.)  Article I, section 16 of the California Constitution states the right to trial by jury is "an inviolate right," and "[i]n a civil cause a jury may be waived by the consent of the parties as prescribed by statute."  (Cal. Const., art. I, § 16.)  Section 631 of the Code of Civil Procedure states, "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate.  In civil cases, a jury may only be waived pursuant to subdivision (f)."  (Code

6

Civ. Proc., § 631, subd. (a).)  Subdivision (f) enumerates six actions by a party that will waive trial by jury, including "[b]y written consent filed with the clerk or judge."  (*Id.*, subd. (f)(2).)  *Grafton* discusses California's constitutional history and states that the right to a jury trial in California is "fundamental," "inviolate," and "sacred."  (*Grafton*, at pp. 951, 956.)  Our high court held that the waiver methods specified in Code of Civil Procedure section 631 are exclusive and they apply only after a lawsuit has been filed.  (*Id.* at p. 956.)  Section 631 does not authorize predispute waivers of the right to jury trial by parties who submit their disputes to a judicial forum, and, therefore, the court may not enforce such waivers.  (*Grafton*, at pp. 951, 956, 961, 967.)

LFG correctly argues that the issue in *Grafton* is the enforceability of a predispute jury trial waiver in a case brought in California under California law in which the proper forum was not in dispute.  Nonetheless, *Grafton* instructs that because the right to jury trial in California is a fundamental right that may only be waived as prescribed by the Legislature, courts cannot enforce predispute agreements to waive a jury trial.  (*Grafton*, *supra*, 36 Cal.4th at pp. 953, 956; see *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2017) 8 Cal.App.5th 1, 13–14 (*Rincon*) [applying *Grafton* analysis to choice of law question and finding that application of New York law to permit enforcement of the predispute contractual jury waivers would be contrary to fundamental California policy].)

While California law holds predispute jury trial waivers are unenforceable, it is undisputed that under New York law there is no similar prohibition.  (See *Grafton*, *supra*, 36 Cal.4th at p. 962.)  Handoush argues that enforcing the forum selection clause here will result in an impermissible predispute waiver of his right to a jury trial, which is an unwaivable right under California law.  LFG argues that *Wimsatt*, *AOL*, and *Verdugo* are distinguishable because Handoush's claims are not statutory.  Although Handoush's claims against LFG are not based on a statutory scheme that includes an antiwaiver provision, he has demanded a jury trial, the right to which is inviolate under the California Constitution, and which may only be waived by the methods enumerated by the Legislature.  (Cal. Const., art. I, § 16; Code Civ. Proc., § 631.)  We reject LFG's argument that because Handoush's claims are not based on a statutory scheme with an

antiwaiver provision, the reasoning of *Wimsatt*, *AOL*, and *Verdugo* does not apply.  Here, Handoush raises a constitutional right, which California law holds is unwaivable at the predispute stage.

Handoush asserts, without citation, that his jury trial right is substantive.  LFG does not address whether the jury trial right raised by Handoush is procedural, rather than substantive.  Because *Wimsatt*, *AOL*, and *Verdugo* apply burden shifting in order to protect substantive rights under California law, we consider whether Handoush's asserted right to a jury trial, which is not waivable at the predispute stage under California law, is a substantive or procedural right.

Whether the right to a jury trial in a civil case is a substantive or a procedural right is an open question.  (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2018) ¶ 2:291; *Cloud v. Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 102 ["The question whether to demand a jury trial or waive one and try the case to the court is one of trial tactics and procedure only, and the waiving of a jury trial does not in any sense affect the substantial rights of a party"]; *Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 412 (conc. opn. of Bird, C. J.) ["the ultimate determination to waive a right as fundamental and 'substantial' as the right to a jury trial should rest with the client."].)

In *In re County of Orange* (9th Cir. 2015) 784 F.3d 520, the Ninth Circuit considered whether a court sitting in diversity should apply federal or state law to determine the enforceability of a jury trial waiver clause.  The court analyzed this *Erie* doctrine[4] question and stated, "A substantive rule is one that creates rights or obligations, or 'is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required.'  [Citation.]  A procedural rule, by contrast, defines 'a form and mode of enforcing' the substantive right or obligation.  [Citation.] Although helpful, these definitions have their limits:  '[T]here is no bright line distinguishing substance from procedure, [and] the meanings of these terms shade into one another by degrees and vary from context to context.'  [Citation.]"  (*Id.* at p. 527.)

---

[4] *Erie R. Co. v. Tompkins* (1938) 304 U.S. 64 (*Erie*).

Recognizing the challenge of classifying California's law regarding predispute jury trial waivers as "substantive" or "procedural" for *Erie* purposes, the court explains: "On the one hand, rules dictating when a party waives its right to a jury trial are procedural, and 'federal courts sitting in diversity apply . . . federal procedural law.' [Citation.]  California's rule that pre-dispute jury trial waivers are unenforceable is not a rule that creates 'rights and obligations' for the parties to a contract [citation], nor is it a rule that dictates the substance of a potential award [citation].  Rather, the rule—which allocates tasks between a judge and a jury—describes 'merely a form and mode of enforcing' the law.  [Citations.]  Such rules are procedural under *Erie*. [¶] . . . [¶] On the other hand, California's rule is substantive.  It is a state rule of contract interpretation that furthers the state constitutional policy favoring jury trials [citation], and rules of contract interpretation and construction are plainly substantive under *Erie* [citation]. [¶] But even if we view California's rule as primarily procedural, we are not convinced that federal courts sitting in diversity may disregard it. . . .  [F]ederal courts sitting in diversity must give full effect to state procedural rules when those rules are 'intimately bound up with the state's substantive decision making' or 'serve substantive state policies.'  [Citations.]  California's rule on pre-dispute jury trial waivers embodies the state's substantive interest in preserving the 'right to a jury trial in the strongest possible terms' [citation], an interest the California Constitution zealously guards, *see* Cal. Const. art. I, § 16 . . . ."  (*In re County of Orange*, *supra*, 784 F.3d at pp. 529–530.)

The Ninth Circuit held, "The law governing jury trial waivers in federal court is federal procedural law.  But the federal rule most courts use to evaluate such waivers— the 'knowing and voluntary' standard—is a federal constitutional minimum.  Its application is not required where, as here, state law is more protective than federal law of the jury trial right.  So we are faced with a void in federal law.  Rather than expand the constitutional 'knowing and voluntary' standard to fill that void, we adopt state law as the federal rule.  This means that federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law."  (*In re County of Orange*, *supra*, 784 F.3d at pp. 531–532.)

In reaching this conclusion, the court noted the " 'substantive thrust' " of the state rule. (*Id.* at p. 531.)

Here, we are not concerned with an *Erie* question, but we find the Ninth Circuit's discussion of the substantive nature of the *Grafton* rule instructive, and we agree that even if this rule is considered procedural, it is " 'intimately bound up with the state's substantive decision making' " and it " 'serve[s] substantive state policies' " of preserving the " 'right to a jury trial in the strongest possible terms' [citation], an interest the California Constitution zealously guards [citation]." (*In re County of Orange*, *supra*, 784 F.3d at p. 530.)  We hold that because enforcement of the forum selection clause here has the potential to contravene a fundamental California policy of zealously guarding the inviolate right to a jury trial, which is unwaivable by predispute agreements, LFG bears the burden of showing that litigation in New York "will not diminish in any way [Handoush's] substantive rights . . . under California law." (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1520–1522.)

LFG argues that Handoush mischaracterizes the proceedings below as based upon a choice of law analysis when the only issue decided was enforcement of the forum selection clause.  According to LFG, the issue of whether to enforce the jury trial waiver should properly be decided by a New York court.  We reject LFG's argument.  Although the issue before the court below was forum selection, case law demonstrates that choice of law is commonly considered together with a forum selection clause.  (See *AOL*, *supra*, 90 Cal.App.4th at pp. 13–16 [finding that enforcement of the forum selection clause, which is also accompanied by a choice of law provision favoring Virginia, would necessitate waiver of the statutory remedies of the CLRA, in violation of the CLRA's antiwaiver provision and California public policy]; *Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416 [enforceability of forum selection and choice of law clauses is "inextricably bound up" in one another].)  Here, enforcing the forum selection clause in favor of New York will put the issue of enforceability of the jury trial waiver contained in the same agreement before a New York court.  Because New York permits predispute jury trial waivers, and California law does not, enforcing the forum selection clause has

the potential to operate as a waiver of a right the Legislature and our high court have declared unwaivable.[5]  (*Verdugo*, *supra*, 237 Cal.App.4th at p. 152.)

LFG also relies upon a comment in *Rincon*, *supra*, 8 Cal.App.5th 1, in support of its argument that the trial court's order should be affirmed.  In *Rincon*, the court performed a choice of law analysis to determine whether New York or California law applied to determine the enforceability of jury trial waivers.  (*Id.* at pp. 10–18.)  As part of its choice of law analysis, *Rincon* considered whether California (the forum state) had a materially greater interest than New York (the contractually selected choice of law) in determining the enforceability of jury trial waivers.  (*Id.* at pp. 14–15.)  The court found that California, as the forum, had the paramount interest and stated:  "Those protected, by definition, are litigants in the California courts.  Were the venue changed in this lawsuit to New York—we note that no party ever sought to bring that about—the jury trial right the parties enjoy in our court would not travel with them."  (*Id.* at p. 18.)  LFG argues that here, unlike in *Rincon*, it successfully changed the forum, and, therefore, any right Handoush might have under California law regarding predispute jury trial waivers does not " 'travel with' him" to New York.

LFG's argument is unpersuasive.  First, *Rincon* did not address the issue before this court, and therefore it is not authority for whether enforcing a forum selection clause which includes a jury trial waiver is contrary to California's fundamental public policy protecting the jury trial right and prohibiting courts from enforcing predispute jury trial waivers.  (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13

---

[5] The trial court's order finds the jury trial right is not unwaivable and cites to Code of Civil Procedure section 631.  Although the court's statement is correct, it is beside the point.  As discussed in *Grafton*, section 631 enumerates the exclusive methods by which a party may waive the right to a jury trial.  (*Grafton*, *supra*, 36 Cal.4th at pp. 956–957.)  However, *Grafton* holds that predispute jury trial waivers are not expressly permitted under section 631, and therefore they are unenforceable under California law.  (*Id.* at pp. 961, 967.)  Whether the right to a jury trial is waivable under other circumstances is not the relevant question.  The issue here is enforcement of a forum selection clause which includes a *predispute* jury trial waiver.

Cal.4th 1017, 1039 ["As we have often observed, '. . . cases are not authority for propositions not considered' "].)  Second, the statement in *Rincon* upon which LFG relies is dictum.  (*Areso v. CarMax, Inc.* (2011) 195 Cal.App.4th 996, 1006 ["Mere observations by an appellate court are dicta and not precedent, unless a statement of law was 'necessary to the decision, and therefore binding precedent[]' "].)  Third, it is precisely *because* litigation in New York may diminish Handoush's substantive right under California law, and LFG has not met its burden to show otherwise, that the forum selection clause should not be enforced.  (*Wimsatt*, *supra*, 32 Cal.App.4th at pp. 1520–1522.)

Finally, LFG asserts that Handoush's arguments are academic because he is not entitled to a jury trial on any of his claims even under California law.  While it may be that Handoush is not entitled to a jury trial for his equitable claims (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, *supra*, 8 Cal.App.5th at p. 19), he also alleges fraud.  LFG argues Handoush does not have a right to a jury trial as to his legal claim for fraud because as a matter of law he cannot establish the elements of fraud given that his complaint admits he entered the lease agreement based upon representations of another store owner, and not based on any representation by LFG.  We do not read Handoush's complaint so narrowly.  Furthermore, the legal sufficiency of Handoush's fraud claim was not challenged below, and we will not find for the first time on appeal that his claim as pleaded fails as a matter of law.

In conclusion, we find the trial court erred in enforcing the forum selection clause in favor of a New York forum where the clause includes a predispute jury trial waiver, which *Grafton* instructs is unenforceable under California law.  LFG failed to show that enforcement of the forum selection clause would not substantially diminish the rights of California residents in a way that violates our state's public policy.  (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147.)

## DISPOSITION

The order of dismissal is reversed.  The matter is remanded for the superior court to enter a new order denying Lease Finance Group's motion to dismiss.  Handoush shall recover his costs on appeal.

_____
Wick, J.[*]


WE CONCUR:


_____
Siggins, P. J.


_____
Fujisaki, J.


A150863/*Handoush v. Lease Finance Group, LLC*


_____

   [*] Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

<u>A150863/Handoush v. Lease Finance Group, LLC</u>

Trial Court:   Superior Court of Alameda County

Trial Judge:   Victoria S. Kolakowski, J.

Counsel:       Law Offices of Ian Booth Kelley and Ian Booth Kelley for Plaintiff and
     Appellant.

     Daniel B. Harris for Defendant and Respondent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, I filed the foregoing document entitled **PLAINTIFF'S OPPOSITION TO THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT; DECLARATION OF DAVID N. BARRY; EXHIBIT** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.


_____ /s/ David N. Barry